**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| HELENA AGRI-ENTERPRISES, LLC )<br>a/k/a HELENA CHEMICAL COMPANY, )<br>                                        )<br>                    **Plaintiff,**  )<br>                                        )<br>vs.                                    )<br>                                        )<br>CLEO GLENN SPENCER,          )<br>AUTUMN M. SPENCER, AND     )<br>VICKIE M. MALLECK, individually and )<br>as Personal Representative of the      )<br>ESTATE OF GRIFFITH H. MALLECK, )<br>deceased,                             )<br>                                        )<br>                    **Defendants.**  ) | **Civil Case No.** _____<br><br><br><br><br>**COMPLAINT** |

**COMPLAINT**

Plaintiff, Helena Agri-Enterprises a/k/a Helena Chemical Company ("**Helena**"), by and through its undersigned counsel, for its Complaint, respectfully states as follows:

**The Parties, Jurisdiction, and Venue**

1.    Plaintiff, Helena, is a Delaware corporation duly authorized to do business in the State of Nebraska.  Helena's principal place of business is 225 Schilling Boulevard, Suite 300, Collierville, TN 38017.  For citizenship purposes, Helena is a citizen of both Delaware and Tennessee.  *See* 28 U.S.C. §1332(c)(1); *see also Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

2.    Defendant, Cleo Glenn Spencer ("**Cleo**"), is an adult individual who is a citizen of the State of Nebraska who upon information and belief may be served with process at 71649 RD 383, McCook, NE 69001.

3.      Defendant, Autumn M. Spencer ("**Autumn**"), is an adult individual who is a citizen of the State of Nebraska who upon information and belief may be served with process at 71649 RD 383, McCook, NE 69001.

4.      Defendant, Vickie M. Malleck, individually and as Personal Representative of the Estate of Griffith H. Malleck, deceased ("**Malleck**"), is an adult individual who is a citizen of the State of Nebraska who upon information and belief may be served with process at 1309 W 2nd Street, McCook, NE 69001. Malleck is the duly appointed Personal Representative of the Estate of Griffith H. Malleck, deceased.

5.      Venue is appropriate pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to Helena's claims occurred in this district and the defendants are subject to the Court's personal jurisdiction with respect to this action in this district.  The claims forming the basis of this Complaint, or a significant portion thereof, arose in that geographical area which is contained within the venue in which this matter is filed.

6.      Jurisdiction is proper as there is complete diversity of citizenship between the parties to this action as required by 28 U.S.C. § 1332(a).

7.      The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## The Credit Agreement

8.      On or about June 22, 2023, Red Willow Aviation & Spraying, Inc. ("**Red Willow**") entered into a Credit and Services Agreement (the "**Credit Agreement**") with Helena. A true and correct copy of the Credit Agreement is attached hereto as **Exhibit A** and is incorporated herein by reference.

9.      The Credit Agreement permitted Red Willow to be extended credit for future purchases of products from Helena in exchange for Red Willow assuming responsibility of payment of all purchases of products.

10.      The Credit Agreement specified that a finance charge would be assessed when the purchase price of each Product or Service was not paid in full and credited to the purchaser's account within thirty (30) days from the date of Helena's first monthly statement reflecting such purchase.

11.      The finance charge is assessed at a rate of 1.25% per month or a 15% annual percentage rate (the "**Finance Charge**").

12.      The Credit Agreement specified that should Red Willow fail to make payments within thirty (30) days, Helena could consider the account, at its option, to be in default, and Red Willow shall be "responsible for the payment of all costs of collection incurred by Helena, including expenses and reasonable attorney's fees in such event, or in the event of any other legal action or other resolution proceeding."

13.      On or about June 15, 2024, Red Willow purchased chemicals valued at $663,759.04 (the "**Invoice**") from Helena, pursuant to the Credit Agreement. A true and correct copy of the Invoice is attached hereto as **Exhibit B** and is incorporated herein by reference.

14.      By the terms of the Credit Agreement, the Invoice was to be paid within thirty (30) days of the monthly statement issued on June 15, 2024.

15.      Red Willow failed to pay amounts owed pursuant to the Credit Agreement and Invoice.

16.      As of February 21, 2024, the total amount owed under the Credit Agreement is $731,633.70 (the "**Debt**"), consisting of principal in the amount of $663,759.04 and finance

charges in the total amount of $33,079.96. Finance charges and other amounts due under the Credit Agreement continue to accrue.

## **The Guarantees**

17.     The extension of credit by Helena to Red Willow as set forth above was not the first time the parties entered into such a transaction. For several years, Red Willow would request credit from Helena and the parties would enter into a contract to memorialize any agreements which were entered into.

18.     Helena required the execution of personal guaranties in order for it to agree to extend credit to Red Willow.

19.     Prior to the Credit Agreement, in conjunction with a previous credit agreement, on or about April 9, 2019, Malleck and Griffith H. Malleck executed a Guaranty Agreement (the "**Malleck Guaranty**") whereby they jointly and severally guaranteed the prompt payment and performance related to debts arising from services and merchandise provided to Red Willow from Helena. A true and correct copy of the Malleck Guaranty is attached hereto as **Exhibit C** and is incorporated herein by reference.

20.     On or about July 7, 2023 in connection with the Credit Agreement and to induce Helena to extend or continue to extend credit to Red Willow, Cleo and Autumn (together, the "**Spencers**") executed a Guaranty Agreement (the "**Spencer Guaranty**" together with the Malleck Guaranty, the "**Guaranties**") whereby they jointly and severally guaranteed the prompt payment and performance related to debts arising from services and merchandise provided to Red Willow from Helena. Malleck and the Spencers are referred to collectively as the "**Guarantors**." A true and correct copy of the Spencer Guaranty is attached hereto as **Exhibit D** and is incorporated herein by reference.

21.     Both Guaranties provided in relevant part, "'Guaranteed Debt' means all indebtedness, obligations and liabilities of [Red Willow] to Helena of any kind or character, now existing or hereafter arising, whether direct, indirect, related, unrelated, fixed, contingent, liquidated, unliquidated, joint, several or of any other nature, including, without limitation, the extension of credit described above."

22.     Both Guaranties provided that the Guarantors "shall pay on demand all costs and expenses, including without limitation all reasonable attorneys' fees, incurred by Helena to enforce and/or collect on" the Guaranties.

23.     Both Guaranties provided:

It is expressly understood and agreed that this Guaranty and Guarantor's obligations hereunder are irrevocable and are binding upon the heirs, executors, administrators, successors and assigns of Guarantor; in the event of Guarantor's death, the obligations of Guarantor hereunder shall be a binding claim against its estate; and the insolvency or bankruptcy of Debtor shall in no respect affect or restrict the liability of Guarantor hereunder. In the event of a default in the payment or performance any Guaranteed Debt, Guarantor shall promptly pay the amount due thereon to Helena without notice or demand and without requiring the prosecution of any claim against Debtor.

24.     Both Guaranties were entered into to induce Helena to extend credit to Red Willow.

**Default**

25.     Pursuant to the Guaranties, the Guarantors agreed to unconditionally and absolutely guarantee the prompt payment and performance of Red Willow related to debts arising from services and merchandise provided to Red Willow from Helena.

26.     Pursuant to the Credit Agreement and Guaranties, the Guarantors agreed to pay all costs of collection, including reasonable attorneys' fees and court costs together with interest at the default rate if they failed to timely pay their obligations under the Credit Agreement.

27.     Red Willow has failed to pay the Debt and any additional charges recoverable under the Credit Agreement and is in default under the Credit Agreement.

5

28.    Likewise, the Guarantors are in default under the Guaranties for their failure to pay the Debt and any additional charges recoverable under the Credit Agreement.

29.     Helena has incurred, and will continue to incur, attorneys' fees, court costs, and additional interest until the Debt, plus fees and costs, is paid in full.

## COUNT I
### Breach of Guaranty Agreement – Vickie M. Malleck, individually and as Personal Representative of the Estate of Griffith H. Malleck, deceased

30.    Helena restates and incorporates each and every allegation contained in paragraphs 1 through 29 as if fully set forth herein.

31.    Through the Malleck Guaranty, Vickie M. Malleck and Griffith H. Malleck absolutely and unconditionally guaranteed the payment of the Debt and all amounts chargeable under the Credit Agreement, without notice or demand by Helena.

32.    Vickie M. Malleck and Griffith H. Malleck have defaulted on their obligations under the Credit Agreement and Guaranty by failing to pay the Debt when due.

33.    As a result of the Mallecks' default of their obligations under the Credit Agreement and Guaranty, Helena has suffered damages in the amount of at least $731,633.70, plus attorney fees, costs, expenses, finance charges, interest, and other damages in an amount to be proven at trial.

## COUNT II
### Breach of Guaranty Agreement – Cleo and Autumn Spencer

34.    Helena restates and incorporates each and every allegation contained in paragraphs 1 through 33 as if fully set forth herein.

35.    Through the Spencer Guaranty, Cleo and Autumn Spencer absolutely and unconditionally guaranteed the payment of the Debt and all amounts chargeable under the Credit Agreement, without notice or demand by Helena.

36.     The Spencers have defaulted on their obligations under the Credit Agreement and Guaranty by failing to pay the Debt when due.

37.     As a result of the Spencers' default of their obligations under the Credit Agreement and Guaranty, Helena has suffered damages in the amount of at least $731,633.70, plus attorney fees, costs, expenses, finance charges, interest, and other damages in an amount to be proven at trial.

WHEREFORE, Plaintiff Helena Agri-Enterprises, LLC a/k/a Helena Chemical Company prays that this Court enter a judgment on Counts I and II in its favor and against Defendants Vickie M. Malleck, individually and as Personal Representative of the Estate of Griffith H. Malleck, deceased, Cleo Glenn Spencer, and Autumn Spencer jointly and severally, for the total amount of $731,633.70, consisting of principal in the amount of $663,759.04 and finance charges in the total amount of $33,079.96, plus additional finance charges which become due prior to the entry of judgment, for its attorneys' fees, costs, and other expenses incurred, and for pre- and post-judgment interest at the highest rate authorized by law, together with such other and further relief as shall be just and proper.

Dated February 26, 2025          Respectfully submitted,

HELENA AGRI-ENTERPRISES, LLC a/k/a
HELENA CHEMICAL COMPANY, Plaintiff

By:    /s/ *Jordan W. Adam*
        Jordan W. Adam, #23723
        FRASER STRYKER PC LLO
        500 Energy Plaza
        409 South 17th Street
        Omaha, NE 68102
        (402) 341-6000 (telephone)
        (402) 341-8290 (facsimile)
        jadam@fraserstryker.com

        and

        Benjamin C. Struby, esq. – *PHV forthcoming*
        Erika E. Mortensen, esq. – *PHV forthcoming*
        LATHROP GPM
        2345 Grand Blvd., Ste. 2
        Kansas City, MO 64108-2618
        (816) 292-2000 (telephone)
        benjamin.struby@lathropgpm.com
        Erika.mortensen@lathropgpm.com

        **ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

## HELENA®   CREDIT SALES AND SERVICES AGREEMENT

In CONSIDERATION of being extended credit, now or in the future, for purchases of products from Helena Agri-Enterprises, LLC, a Delaware limited liability company, aka Helena Chemical Company (hereinafter "Helena"), the undersigned purchaser

Red Willow Aviation & Spraying, Inc.; Red Willow Chemical DBA

having his (its) principal place of residence or business at   308 Aireport Rd.; McCook, NE 69001   agrees as follows:

1. To assume responsibility for payment of all purchases of products and services (hereinafter "Products" or "Services") made by the purchaser or his (its) agents for which credit is extended by Helena and to pay all applicable sales or similar taxes not collected and paid by Helena.
2. To avoid being assessed a time price differential ("Finance Charge"), the purchase price of each Product or Service must be paid in full and credited to purchaser's account within thirty (30) days from the date of Helena's first monthly statement reflecting such purchase. Any such amount not paid within the timeframe set forth in this Paragraph 2 ("Remaining Balance") shall be assessed a Finance Charge.
3. A Finance Charge, computed at the rate shown in the following schedule, will be assessed and due on the Remaining Balance from the date of the first monthly statement reflecting such purchase until payment is received in full by Helena and credited to purchaser's account. The Finance Charge will be reflected beginning on the second monthly statement following the purchase of the Product(s) or Service(s) and will be reflected on each monthly statement thereafter until full payment has been credited to purchaser's account.

### FINANCE CHARGE SCHEDULE

A periodic rate of ___1.25___ % per month, which is an ANNUAL PERCENTAGE RATE equal to ___15___ %, or the maximum rate allowed by law, whichever is less.

4. This Credit Sales and Services Agreement (hereinafter "Agreement") shall take effect when (i) the undersigned purchaser purchases Products and/or Services from Helena pursuant to this Agreement, and (ii) Helena extends credit to the Purchaser for that transaction.
5. All payments made by the purchaser will be applied as provided for in the remittance advice furnished by purchaser to Helena. In the event purchaser does not provide remittance advice, payments will be applied as Helena deems appropriate, in Helena's sole discretion.
6. In the event the purchaser fails to make payments as required under Paragraph 2 of this Agreement, the account may be considered by Helena, at its option, to be in default, and Helena may elect to declare any amounts outstanding immediately due and payable, and the purchaser shall be responsible for the payment of all costs of collection incurred by Helena, including expenses and reasonable attorney's fees in such event, or in the event of any other legal action or other resolution proceeding.
7. Helena may, at any time, revoke the purchaser's privilege of purchasing on credit with respect to future purchases of Products or Services.
8. Purchaser may request from time to time that Helena deliver Product(s) to a location or an address, rather than purchaser Helena pick up Product(s) at Helena's facility. Purchaser hereby authorizes Helena to deliver Product(s) at a location or address designated by or for purchaser and agrees to be responsible for the full payment for all such Products so delivered by Helena.
9. Purchaser signing this Agreement agrees to be responsible for and will make payment to Helena for all purchases of Products and Services pursuant to this Agreement, regardless of any change in the name, (re)organization, or any transfer in interest of the purchaser (i.e. any change(s) from the original status of the purchaser to or from an individual, partnership, corporation, trust, L.L.C., association or any other entity or legal structure). Purchaser shall promptly notify Helena in writing, by certified mail, return receipt requested, addressed to Director of Credit, Helena Agri-Enterprises, LLC, 225 Schilling Blvd., Ste. 300, Collierville, Tennessee, 38017 upon the occurrence of any such change(s) and the particulars thereof.
10. Helena may, at any time, add to or amend any of the provisions of this Agreement upon notice mailed to the purchaser at his last known address, and the purchase of Products or Services subsequent to the effective date of such amendment shall constitute an acknowledgement and acceptance by the purchaser of such amendment.
11. Helena or its designee is expressly authorized to investigate any references and other information furnished by the purchaser or by any other person or entity pertaining to the purchaser's creditworthiness including, but not limited to, obtaining an individual consumer report, from time to time.
12. CONDITIONS OF SALE-LIMITED WARRANTY AND LIMITATION OF LIABILITY AND REMEDIES. It is understood and agreed that the following Conditions of Sale and Limitations of Warranty, Liability, and Remedies apply to purchases made by or on behalf of the purchaser.
A. PRODUCTS OF OTHER MANUFACTURERS SOLD BY HELENA OTHER THAN SEED. Helena makes no warranty regarding products of other manufacturers sold by Helena and to the extent, if any, any warranty of the manufacturer inures by its terms to the benefit of the purchaser, the purchaser agrees to look only to the manufacturer as the sole and exclusive recourse.
B. HELENA BRAND PRODUCTS OTHER THAN SEED. The directions for use of Helena brand products reflect the opinion of experts based on field use and tests. The directions are believed to be reliable and should be followed carefully. However, it is impossible to eliminate all risks inherently associated with the use of the products. Crop injury, ineffectiveness or other unintended consequences may result because of such factors as weather conditions, presence of other materials or the manner of use or application, all of which are beyond the control of Helena or the seller. It is agreed that all such risks shall be assumed by the purchaser or user. Helena warrants that Helena brand products conform to the chemical description on the label subject to the inherit risks referred to above.
C. SEED. The only warranty of Helena regarding seed is that the seed conforms to the label description on the date of the test shown on the label.
D. LIMITATIONS OF WARRANTY, LIABILITY AND REMEDIES. HELENA MAKES NO WARRANTY OR REPRESENTATION OF ANY KIND, EXPRESS OR IMPLIED, CONCERNING THE ABOVE GOODS OR THE PROVIDING OF SERVICES, EXCEPT THE EXPRESS WARRANTIES SET FORTH ABOVE, AND HEREBY DISCLAIMS TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS OF THE GOODS OR SERVICES

FOR ANY PARTICULAR PURPOSE OR WARRANTY AGAINST INFRINGEMENT, AND NO SUCH WARRANTIES SHALL BE IMPLIED BY LAW OR OTHERWISE. THE EXCLUSIVE REMEDY AGAINST HELENA, ITS OFFICERS, DIRECTORS, EMPLOYEES, AGENTS AND/OR AFFILIATES FOR ANY CAUSE OF ACTION BY OR ON BEHALF OF PURCHASER RELATING TO ANY RECOMMENDATION, SALE, HANDLING, USE OR PERFORMANCE OF THE ABOVE GOODS OR THE PROVIDING OF SERVICES OR ANY OTHER TRANSACTION RELATED THERETO IS A CLAIM FOR DAMAGES AND IN NO EVENT SHALL DAMAGES OR ANY OTHER RECOVERY OF ANY KIND AGAINST HELENA, ITS OFFICERS, DIRECTORS, EMPLOYEES, AGENTS AND/OR AFFILIATES EXCEED THE PRICE OF THE SPECIFIC GOODS OR SERVICES WHICH CAUSE THE ALLEGED LOSS, DAMAGE, INJURY OR OTHER CLAIM. NEITHER HELENA NOR ANY SUCH OF ITS OFFICERS, DIRECTORS, EMPLOYEES, AGENTS AND/OR AFFILIATES SHALL BE LIABLE AND ANY AND ALL CLAIMS AGAINST HELENA, ITS OFFICERS, DIRECTORS, EMPLOYEES, AGENTS AND/OR AFFILIATES ARE WAIVED FOR SPECIAL, INDIRECT, INCIDENTAL OR CONSEQUENTIAL DAMAGES, OR EXPENSES, OF ANY NATURE, INCLUDING, BUT NOT LIMITED TO, LOSS OF PROFITS OR INCOME, CROP OR PROPERTY LOSS OR DAMAGE, LABOR CHARGES AND FREIGHT CHARGES, WHETHER OR NOT BASED ON HELENA'S, ITS OFFICERS, DIRECTORS, EMPLOYEES, AGENTS AND/OR AFFILIATES' NEGLIGENCE, BREACH OF WARRANTY, STRICT LIABILITY IN TORT OR ANY OTHER CAUSE OF ACTION. NO LIABILITY HEREUNDER SHALL BE ASSERTED UNLESS ANY LOSS, DAMAGE, INJURY OR OTHER CLAIM IS REPORTED TO HELENA IN WRITING WITHIN THIRTY (30) DAYS AFTER DISCOVERY, AND THE FAILURE TO GIVE NOTICE TO HELENA OF ANY CLAIM WITHIN SUCH PERIOD SHALL CONSTITUTE AN ABSOLUTE UNCONDITIONAL WAIVER OF SUCH CLAIM.

13. Purchaser agrees that all Products and Services are purchased for purchaser's own use. To the extent, if any, purchaser's use of such Products and Services is for or involves others, purchaser agrees that Helena's Terms and Conditions of Sale - Limited Warranty and Limitation of Liability and Remedies found in paragraph 12 shall also apply to such third parties, and purchaser shall hold harmless and indemnify Helena for any loss in excess thereof.
14. Purchaser represents and warrants that all purchases of Products and Services are solely for commercial purposes and are not subject to any laws applicable only to consumer transactions, and purchaser waives all requirements of any such laws.
15. Helena may, from time to time, offset any obligation of the purchaser under this Agreement against any obligation for the payment of money Helena may have to the purchaser.
16. If any clause or provision of this Agreement is found to be invalid or is incapable of being enforced by any rule of law or public policy, all other clauses and provisions shall, nevertheless, remain in full force and effect. In the event that advances are made to purchaser under a promissory note made by purchaser in favor of Helena for the purpose of paying any amounts owed by purchaser to Helena hereunder, then to the extent that any such promissory note is unenforceable and/or uncollectible, in whole or in part, by Helena or its assignee(s) for any reason, the obligations of purchaser to Helena hereunder that would have been satisfied using any advances under such promissory note, shall not be vitiated or merged into or extinguished by such promissory note, and instead shall be enforceable and collectible in full pursuant to the terms hereof.
17. Purchaser may not assign its rights or obligations under this Agreement. Helena may assign its rights or obligations under this Agreement without further consent.
18. This Agreement shall be governed by Tennessee law without regard to choice of law rules. This Agreement constitutes the entire agreement with respect to the subject matter hereof and any oral representations are hereby superseded. In the event that the terms of this Agreement conflict with the terms of any other document or agreement between Helena and purchaser, the terms of this Agreement shall control.
19. Execution and delivery of this Agreement and all agreements entered into in connection with or arising out of the transactions contemplated by this Agreement by delivery of a facsimile or portable document format ("PDF") copy bearing the facsimile or PDF signature of any party hereto shall constitute a valid and binding execution and delivery of any of such agreements by such party. Such facsimile and PDF copies shall constitute enforceable original documents. ALL PROVISIONS UNDER THIS AGREEMENT, INCLUDING BUT NOT LIMITED TO, THE PROVISIONS OF PARAGRAPHS 2 AND 3 ABOVE, AND THE FOREGOING CONDITIONS OF SALE AND LIMITATIONS OF WARRANTY, LIABILITY, AND REMEDIES, MAY BE VARIED OR WAIVED ONLY BY AGREEMENT IN WRITING SIGNED BY A CREDIT MANAGER, DIRECTOR OF CREDIT OR AN OFFICER OF HELENA.

Helena Agri-Enterprises, LLC

By: _Jerry Killian_

Vice President and Chief Financial Officer

Purchaser: Red Willow Aviation & Spraying, Inc.   Red Willow Chemical DBA

Sign: _____   Date: 6/22/2023

Title: _President_

Sign: _____   Date: _____

Title: _____

Address: _____

Rev 04/2018

# EXHIBIT B

Page 1 of 1



**Bill To:**
RED WILLOW
AVIATION SPRAYING
INC
PO BOX 444
MCCOOK, NE  69001

**Ship To:**
RED WILLOW
AVIATION SPRAYING
INC
308 AIRPORT ROAD
MCCOOK, NE  69001

Please include the invoice number on all remittances and include remittance copy with postal payments.

**Remit To:**
HELENA AGRI-ENTERPRISES, LLC
PO BOX 98324
CHICAGO, IL  60693-8324

| Invoice | |
|---|---|
| 149088290 | |
| Billing Date | Shipping Date |
| 23-Aug-2023 | |
| Purchase Order Number | |
| | |
| Sales Order | |
| 149088290.01 | |
| Shipping Reference | Ship Via |
| 0 | |
| Customer Number | Customer Location |
| 178576 | 18931 |

| Terms | Due Date | Salesperson | Customer Contact | Contact Phone | Contact Fax |
|---|---|---|---|---|---|
| FD 06/15/24 | 15-Jun-2024 | JEFF KUSKIE_51123 | | | |

| Item Num | Description | Sales Order Number | Quantity Shipped | Tax | Unit Price | Extended Amount |
|---|---|---|---|---|---|---|
| 1 | Acuron (Bulk Gal) | 149088290.01 | 8224 | No | 80.71 | 663,759.04 |

**Special Instructions**
For questions regarding this invoice, please contact salesperson.
A 1.5% finance charge is added to all past due invoices. All software is licensed in accordance with the terms and conditions of the Software License and Services agreement or the referenced GSA Schedule contract.

**HELENA AGRI-ENTERPRISES, LLC AKA HELENA CHEMICAL COMPANY**

| | |
|---|---|
| SubTotal | 663,759.04 |
| Tax | 0.00 |
| Shipping | 0.00 |
| Total | 663,759.04 |
| Payments and Credits | 0.00 |
| Financial Charges | 0.00 |
| Outstanding balance as of 18-Nov-2024 in USD | 663,759.04 |

# EXHIBIT C

## GUARANTY AGREEMENT

THIS GUARANTY AGREEMENT (this "Guaranty") is made on the date set forth below by the undersigned (whether one or more, "Guarantor") in favor of and for the benefit of Helena Agri-Enterprises, LLC, a Delaware limited liability company, also known as Helena Chemical Company, and each of its subsidiaries and affiliates (collectively referred to herein as "Helena"), and their respective successors and assigns.

1.    **Guaranty.**    To induce Helena to provide services, sell and/or deliver merchandise on credit to ____Red Willow Aviation & Spraying, Inc._____ ("Debtor") or to otherwise extend or continue to extend credit and other financial accommodations to Debtor, and for other good and valuable consideration, Guarantor UNCONDITIONALLY AND ABSOLUTELY GUARANTEES the prompt payment and performance of all Guaranteed Debt when due or declared due and at all times thereafter. "Guaranteed Debt" means all indebtedness, obligations and liabilities of Debtor to Helena of any kind or character, now existing or hereafter arising, whether direct, indirect, related, unrelated, fixed, contingent, liquidated, unliquidated, joint, several or of any other nature, including, without limitation, the extension of credit described above. All Guaranteed Debt shall be conclusively presumed to have been made or acquired in acceptance hereof. "Guarantor" shall refer individually and collectively to each of undersigned person or entity identified as Guarantor on the signature pages hereto. Each undertaking herein contained shall be the joint and several undertaking of each Guarantor. Guarantor agrees that Helena, in its discretion, may bring suit and/or enforce its rights against all Guarantors jointly and severally or against any of them separately, compound or settle with any Guarantor for such consideration as Helena may deem proper, and/or release any Guarantor from liability hereunder, and no such action(s) shall impair any right of Helena to collect or enforce Guaranteed Debt (or unpaid balance) from any other Guarantor. This Guaranty is an absolute, continuing and unconditional guaranty of payment and not of collection and if at any time or from time to time there is no outstanding Guaranteed Debt, the obligations of Guarantor with respect to any and all Guaranteed Debt incurred thereafter shall not be affected. Guarantor agrees that its obligations hereunder shall not be released, diminished, impaired, reduced or affected by, nor shall any provision herein be a limitation upon, (a) the existence of any other guaranty or the payment by any other guarantor of all or any part of the Guaranteed Indebtedness or (b) the amount of credit which Helena may extend to Debtor, the number of transactions between Helena and Debtor, payments by Debtor to Helena or Helena's allocation thereof.

2.    **Waiver.**    Guarantor waives: (a) promptness, diligence and notice of acceptance of this Guaranty and notice of the incurring of any obligation, indebtedness or liability to which this Guaranty applies or may apply and waives presentment for payment, notice of nonpayment, protest, demand, notice of protest, notice of intent to accelerate, notice of acceleration, notice of dishonor, diligence in enforcement and indulgences of every kind; (b) the taking of any other action by Helena, including without limitation giving any notice of default or any other notice to or making any demand on Debtor or any other party; (c) any rights granted by statute or otherwise to Guarantor under the applicable state law, as then in effect, (d) all claims, causes of action, defenses and offsets for any act or omission of Helena, its directors, officers, employees, representatives or agents in connection with Guaranteed Debt, except for Helena's willful misconduct or gross negligence, and (e) any requirement, substantive or procedural, that Helena first enforce any rights or remedies against Debtor or any other person or entity liable to Helena for Guaranteed Debt.

3.    **Miscellaneous.**    It is expressly understood and agreed that this Guaranty and Guarantor's obligations hereunder are irrevocable and are binding upon the heirs, executors, administrators, successors and assigns of Guarantor; in the event of Guarantor's death, the obligations of Guarantor hereunder shall be a binding claim against its estate; and the insolvency or bankruptcy of Debtor shall in no respect affect or restrict the liability of Guarantor hereunder. In the event of a default in the payment or performance any Guaranteed Debt, Guarantor shall promptly pay the amount due thereon to Helena without notice or demand and without requiring the prosecution of any claim against Debtor. No provision of this Guaranty may be modified or waived except pursuant to a written instrument signed by the parties. No party has made any representation, warranty or statement to Guarantor to induce Guarantor to execute this Guaranty not contained in this Guaranty. No delay by Helena to exercise (or fail to exercise) any right hereunder shall operate as a waiver thereof. Guarantor shall pay on demand all costs and expenses, including without limitation all reasonable attorneys' fees, incurred by Helena to enforce and/or collect on this Guaranty. If any provision of this Guaranty is held to be illegal, invalid or unenforceable, such provision shall be fully severable, shall not impair or invalidate the remainder of this Guaranty and the effect thereof shall be confined to the provision held to be illegal, invalid or unenforceable.

G. W. M   U. M.
INITIAL BY GUARANTOR

GUARANTY
PAGE 1 of 2
REVISED 4/2018

## GUARANTY AGREEMENT

**4.    Credit Report.** Each individual signing this Guaranty authorizes Helena to obtain a consumer credit report on such individual and to use that report and all information contained therein or otherwise obtained from a consumer reporting agency in the credit evaluation process as Helena deems necessary or appropriate from time to time. Further, each such individual instructs and authorizes any consumer reporting agency to furnish a consumer report on such individual to Helena.

**5.    Governing Law.** Nebraska Law shall govern the interpretation, construction and enforcement of this Guaranty without regard to choice of law rules. The parties submit to the jurisdiction of the federal, state and local courts of such state.

Executed at Red Willow Aviation &, Mclook NE Spraying, Inc this the 0 9 day of April , 20 19 .

WITNESS

Address: 4615 70ᵗ Aur Pl. Kearny NE 68845

GUARANTOR

Printed Name: Griffith H Malleck
Address: 1309 W 2nd Street
          McCook, NE 69001
SSN:

WITNESS

Address: 4615 70ᵗ Ave Place Kearny NO 68845

GUARANTOR

Printed Name: Vickie M Malleck
Address: 1309 W 2nd Street
          McCook, NE 69001
SSN:

Address for Helena:
HELENA AGRI-ENTERPRISES, LLC
Attn: Credit Manager
Norman W. Honas
4546 Corporate Dr., Suite 170
West Des Moines, IA 50266

GUARANTY
PAGE 2 of 2
REVISED 4/2018

# EXHIBIT D

## GUARANTY AGREEMENT

THIS GUARANTY AGREEMENT (this "Guaranty") is made on the date set forth below by the undersigned (whether one or more, "Guarantor") in favor of and for the benefit of Helena Agri-Enterprises, LLC, a Delaware limited liability company, also known as Helena Chemical Company, and each of its subsidiaries and affiliates (collectively referred to herein as "Helena"), and their respective successors and assigns.

1.    **Guaranty.** To induce Helena to provide services, sell and/or deliver merchandise on credit to RED WILLOW AVIATION & SPRAYING, INC. (EIN#      0458) ("Debtor") or to otherwise extend or continue to extend credit and other financial accommodations to Debtor, and for other good and valuable consideration, Guarantor UNCONDITIONALLY AND ABSOLUTELY GUARANTEES the prompt payment and performance of all Guaranteed Debt when due or declared due and at all times thereafter. "Guaranteed Debt" means all indebtedness, obligations and liabilities of Debtor to Helena of any kind or character, now existing or hereafter arising, whether direct, indirect, related, unrelated, fixed, contingent, liquidated, unliquidated, joint, several or of any other nature, including, without limitation, the extension of credit described above. All Guaranteed Debt shall be conclusively presumed to have been made or acquired in acceptance hereof. "Guarantor" shall refer individually and collectively to each of undersigned person or entity identified as Guarantor on the signature pages hereto. Each undertaking herein contained shall be the joint and several undertaking of each Guarantor. Guarantor agrees that Helena, in its discretion, may bring suit and/or enforce its rights against all Guarantors jointly and severally or against any of them separately, compound or settle with any Guarantor for such consideration as Helena may deem proper, and/or release any Guarantor from liability hereunder, and no such action(s) shall impair any right of Helena to collect or enforce Guaranteed Debt (or unpaid balance) from any other Guarantor. This Guaranty is an absolute, continuing and unconditional guaranty of payment and not of collection and if at any time or from time to time there is no outstanding Guaranteed Debt, the obligations of Guarantor with respect to any and all Guaranteed Debt incurred thereafter shall not be affected. Guarantor agrees that its obligations hereunder shall not be released, diminished, impaired, reduced or affected by, nor shall any provision herein be a limitation upon, (a) the existence of any other guaranty or the payment by any other guarantor of all or any part of the Guaranteed Indebtedness or (b) the amount of credit which Helena may extend to Debtor, the number of transactions between Helena and Debtor, payments by Debtor to Helena or Helena's allocation thereof.

2.    **Waiver.** Guarantor waives: (a) promptness, diligence and notice of acceptance of this Guaranty and notice of the incurring of any obligation, indebtedness or liability to which this Guaranty applies or may apply and waives presentment for payment, notice of nonpayment, protest, demand, notice of protest, notice of intent to accelerate, notice of acceleration, notice of dishonor, diligence in enforcement and indulgences of every kind; (b) the taking of any other action by Helena, including without limitation giving any notice of default or any other notice to or making any demand on Debtor or any other party; (c) any rights granted by statute or otherwise to Guarantor under the applicable state law, as then in effect, (d) all claims, causes of action, defenses and offsets for any act or omission of Helena, its directors, officers, employees, representatives or agents in connection with Guaranteed Debt, except for Helena's willful misconduct or gross negligence, and (e) any requirement, substantive or procedural, that Helena first enforce any rights or remedies against Debtor or any other person or entity liable to Helena for Guaranteed Debt.

3.    **Miscellaneous.** It is expressly understood and agreed that this Guaranty and Guarantor's obligations hereunder are irrevocable and are binding upon the heirs, executors, administrators, successors and assigns of Guarantor; in the event of Guarantor's death, the obligations of Guarantor hereunder shall be a binding claim against its estate; and the insolvency or bankruptcy of Debtor shall in no respect affect or restrict the liability of Guarantor hereunder. In the event of a default in the payment or performance any Guaranteed Debt, Guarantor shall promptly pay the amount due thereon to Helena without notice or demand and without requiring the prosecution of any claim against Debtor. No provision of this Guaranty may be modified or waived except pursuant to a written instrument signed by the parties. No party has made any representation, warranty or statement to Guarantor to induce Guarantor to execute this Guaranty not contained in this Guaranty. No delay by Helena to exercise (or fail to exercise) any right hereunder shall operate as a waiver thereof. Guarantor shall pay on demand all costs and expenses, including without limitation all reasonable attorneys' fees, incurred by Helena to enforce and/or collect on this Guaranty. If any provision of this Guaranty is held to be illegal, invalid or unenforceable, such provision shall be fully severable, shall not impair or invalidate the remainder of this Guaranty and the effect thereof shall be confined to the provision held to be illegal, invalid or unenforceable.

INITIAL BY GUARANTOR

GUARANTY
PAGE 1 of 2
REVISED 4/2018

## GUARANTY AGREEMENT

4.     **Credit Report.** Each individual signing this Guaranty authorizes Helena to obtain a consumer credit report on such individual and to use that report and all information contained therein or otherwise obtained from a consumer reporting agency in the credit evaluation process as Helena deems necessary or appropriate from time to time. Further, each such individual instructs and authorizes any consumer reporting agency to furnish a consumer report on such individual to Helena.

5.     **Governing Law.** Nebraska Law shall govern the interpretation, construction and enforcement of this Guaranty without regard to choice of law rules.  The parties submit to the jurisdiction of the federal, state and local courts of such state.

GUARANTORS:

_____

Printed Name:   Cleo Glenn Spencer
Address:        71649 RD 383
                McCook, NE 69001
SSN:            ▮▮▮▮▮▮

GUARANTOR

_____

Printed Name:   Autumn M. Spencer
Address:        71649 RD 383
                McCook, NE 69001
SSN:            ▮▮▮▮▮▮

STATE OF NEBRASKA       )
                        )
COUNTY OF Red Willow    )

The foregoing instrument was acknowledged before me on the _7th_ day of _July_ 2023 by Cleo Glenn Spencer and Autumn M. Spencer, individually.



GENERAL NOTARY - State of Nebraska
MIKA J LENTZ
My Comm. Exp. November 30, 2025

_____
Notary Public

My Commission Expires: November 30, 2025

Address for Helena:
HELENA AGRI-ENTERPRISES, LLC
Attn: Credit Manager
Jamie Brant
4546 Corporate Dr., Suite 170
West Des Moines, IA 50266

GUARANTY
PAGE 2 of 2
REVISED 4/2018

# EXHIBIT E



Lathrop GPM LLP
lathropgpm.com

2345 Grand Blvd.
Suite 2200
Kansas City, MO  64108
Main: 816.292.2000

**Benjamin C. Struby**
Partner
benjamin.struby@lathropgpm.com
816.460.5758

December 13, 2024

**Via Federal Express, Certified Mail, First-Class Mail,
and Email, where indicated**

Cleo Glenn Spencer
71649 RD 383
McCook, NE 69001
cspencer@rwchemical.com

Autumn M. Spencer
71649 RD 383
McCook, NE 69001

Vickie M. Malleck
1309 W 2nd Street
McCook, NE 69001

**RE:     Helena Credit and Services Agreement / Demand for Payment**

To the Above Identified Addressees:

    This firm and the undersigned represent Helena Agri-Enterprises, LLC, a Delaware limited liability company, also known as Helena Chemical Company ("Helena") with regard to that certain Helena Credit and Services Agreement entered into between Helena and Red Willow Aviation & Spraying, Inc. (the "Red Willow") on June 22, 2023 (the "Credit Agreement"), the performance of which was guaranteed by Vickie M. Malleck ("Malleck") by virtue of those certain Guaranty Agreements (the "Guaranties") executed by Malleck in favor of Helena on April 9, 2019, and by Cleo Glenn Spencer and Autumn M. Spencer (together, the "Spencers") in favor of Helena on July 7, 2023.  For purposes of this correspondence, Malleck and the Spencers are referred to collectively as the "Guarantors."

    We are advised that Red Willow has not fulfilled his obligations to repay Helena for credit extended and is in default of the terms of the Credit Agreement.  The principal amount owed under the Credit Agreement for is **$663,759.04** (the "Debt").  Finances Charges on the Debt continue to accrue, as do additional amounts which Helena has incurred and which are recoverable under the Credit Agreement and by virtue of the Guaranties, including its attorney's fees.

    The Guarantors are jointly and severally obligated on the Debt plus all other amounts recoverable under the Credit Agreement and Guaranties.  Please let this letter serve as formal and final demand that the Guarantors pay all such amounts to Helena within **seven (7) days** of the

Cleo Spencer, Autumn Spencer, and Vickie Malleck
December 13, 2024
Page 2


date of this letter.  Failure to pay will result in Helena exercising any and all rights it may have against you, including pursing you for judgment of the Debt, Finance Charges, attorney's fees and costs, and any additional amounts which may be recoverable under the Credit Agreement and Guaranties.  You may contact the undersigned at 816-460-5758 to obtain an up-to-date figure before payment.

Very truly yours,

Lathrop GPM LLP

*/s/ Benjamin C. Struby*
Benjamin C. Struby
Partner

Cc:     Jamie Brant
        Michael Whaley