IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

HELENA AGRI-ENTERPRISES, LLC,

Plaintiff,

v.

CLEO GLENN SPENCER, AUTUMN M. SPENCER, and VICKIE M. MALLECK, individually and as Personal Representative of the Estate of Griffith H. Malleck,

Defendants.

**8:25CV145**

**ACKNOWLEDGMENT OF PARTIAL DISMISSAL**

On February 26, 2025, plaintiff Helena Agri-Enterprises, LLC ("Helena") filed this lawsuit (Filing No. 1) against defendants Cleo Glenn Spencer, Autumn M. Spencer (together, the "Spencers"), and Vickie M. Malleck, who is sued individually and as the personal representative of Griffith H. Malleck's (together, the "Mallecks") estate. Helena alleges the Spencers and the Mallecks separately executed guarantee agreements (the "agreements") for Helena to extend credit to Red Willow Aviation & Spraying, Inc. ("Red Willow"). According to Helena's complaint, both the Spencers and the Mallecks "defaulted on their obligations" under those agreements by failing to timely pay Red Willow's debt.

Helena alleges it has incurred at least $731,633.70 in damages as a result. Its complaint sets forth two counts for breaches of the agreements, the first against the Mallecks and the second against the Spencers.

Now before the Court is Helena's notice of voluntary dismissal without prejudice of its complaint against the Spencers (Filing No. 15). Rule 41(a)(1)(A)(i) permits a plaintiff to "dismiss an action" as of right by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i);

*see also Williams v. Clarke*, 82 F.3d 270, 272 (8th Cir. 1996). Such a notice is self-executing and does not require the plaintiff to file a motion or seek the Court's permission. *See Williams*, 82 F.3d at 272.

As relevant here, Rule 41(a) discusses the dismissal of "actions" but does not address the plaintiff's ability to voluntarily dismiss individual claims or parties to a lawsuit. Fed. R. Civ. P. 41(a); *see also* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2362 (4th ed. June 2024 Update) (describing the "confusion" caused by the phrasing of Rule 41(a)). At times, this Court and others have concluded that amendments under Federal Rule of Civil Procedure 15(a) are the more appropriate route to effectuating such partial dismissals. *See Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) (explaining that "Rule 41(a) should be limited to dismissal of an entire action"); *Mulhall v. Auto-Owners Ins.*, No. 8:24CV251, 2024 WL 3598916, at *1 (D. Neb. July 31, 2024) (requiring the plaintiff to file an amended complaint to voluntarily dismiss a claim); *see also* 9 Wright & Miller § 2362 (collecting cases).

Though the Eighth Circuit has not elaborated on this issue in recent years, it previously recognized that the differences between Rule 15(a) and 41(a) may be "more technical than substantial." *Wilson v. Crouse-Hinds Co.*, 556 F.2d 870, 873 (8th Cir. 1977). That especially rings true here. Given the simplicity of this matter thus far, the Court will not require Helena to amend its complaint at this time.

Pursuant to Helena's notice of voluntary dismissal under Rule 41(a)(1)(A)(i), the Spencers are dismissed from this matter without prejudice. Helena's first cause of action will proceed against defendant Vickie M. Malleck.

Dated this 13th day of March 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge